UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| EVA MILLER | * | CIVIL ACTION NO.  16-1066 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| THE SUMMIT HEALTH AND REHAB SERVICES, INC. AND WEST MONROE GUEST HOUSE, INC. | * | MAG. JUDGE KAREN L. HAYES |

**MEMORANDUM ORDER**

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel Rule 26 initial disclosures and discovery responses [doc. # 14] filed by defendant, The Summit Health and Rehab. Services, Inc. ("Summit").  The motion is unopposed. For reasons assigned below, the motion is GRANTED.[1]

**Background**

In compliance with the court's Civil Case Management Order ("CCMO"), the parties herein held their Rule 26(f) conference on September 22, 2016.  *See* CCMO [doc. # 5] and Rule 26(f) Case Mgmt. Report [doc. # 12].  Thus, they were required to exchange initial disclosures no later than October 6, 2015 (within 14 days after the conference).  *See* CCMO and FED.R.CIV.P. 26(a)(1)(C).  Plaintiff, however, failed to provide defendant(s) with her initial disclosures.

Furthermore, on October 4, 2016, Summit served plaintiff with its First Set of Interrogatories and Requests for Production of Documents.  [doc. # 16].  Thus, plaintiff's

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

responses to the discovery requests were due no later than November 7, 2016.[2] Moreover, in anticipation of the timely receipt of plaintiff's initial disclosures and discovery responses, Summit noticed plaintiff's deposition for November 17, 2016.

By early November, however, Summit still had not received plaintiff's initial disclosures, and so notified plaintiff's counsel. *See* Nov. 1, 2016, Email exchange; M/Compel, Exhs. A-B. On November 7, 2016, counsel for Summit again informed plaintiff's counsel that he had not received plaintiff's initial disclosures, and that plaintiff's discovery responses were due that date. (Nov. 7, 2016, Email; M/Compel, Exh. C).

As of November 15, 2016, Summit still had not received plaintiff's initial disclosures or discovery responses, and thus, filed the instant motion to compel. Plaintiff did not file a response to the motion, and the time do so has lapsed. *See* Notice of Motion Setting [doc. # 17]. Accordingly, the motion is deemed unopposed. *Id*.

## Analysis

Rule 37 of the Federal Rules of Civil Procedure specifies that, "[i]f a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions." FED.R.CIV.P. 37(a)(3)(a). Similarly, a party seeking discovery may move for an order compelling an answer, production, or inspection if a party, *inter alia*, fails to answer an interrogatory or fails to produce requested documents. FED.R.CIV.P. 37(a)(3)(B)(iii-iv).

Considering plaintiff's ongoing and unexplained failure to provide initial disclosures or

---

[2] Interrogatories must be answered by the party to whom they are directed. FED.R.CIV.P. 33(b)(1)(A). A responding party must serve its answers and any objections within 30 days after being served with interrogatories, unless the parties stipulate to a different deadline. *Id.* (b)(2). Similarly, a party to whom requests for production are directed must respond in writing within 30 days after being served. FED.R.CIV.P. 34(2)(A).

discovery responses, the court finds that the motion to compel should be granted.

## Conclusion

For the above-assigned reasons,

IT IS ORDERED that the motion to compel [doc. # 14] is hereby GRANTED. Within the next fourteen (14) days from the date of this order, plaintiff Eva Miller shall provide defendants with her Rule 26(a) initial disclosures and respond fully and completely to Summit's interrogatories and requests for production.[3]

IT IS FURTHER ORDERED that Summit shall have the right to reopen plaintiff's deposition, if necessary, following receipt of her initial disclosures and discovery responses.

In Chambers, at Monroe, Louisiana, this 12th day of December 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] By failing to timely respond to the discovery, and in the absence of good cause shown, plaintiff has waived her right to object to the discovery requests. *See In Re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989).